## THE UNION TRUST COMPANY OF MARYLAND, TRUSTEE, *vs.* JOHN V. WARD.

### *Invalidity of Sale by Trustee Before Filing Bond.*

A deed of trust to secure the payment of an issue of bonds was issued to a trust company.    Default in payment of interest having been made, the trust company applied to a Court of equity for the appointment of receivers of the property, and subsequently made a sale thereof under an order of Court, and in accordance with the provisions of the deed of trust.    No bond was filed by the trust company before making the sale and the purchaser excepted to its ratification.    *Held,* that this sale is invalid on account of the failure of the trustee to file a bond, under Code, Art. 16, sec. 205A, which provides that when any estate shall be conveyed to a trustee as security for a debt, or to be sold on a contingency, every such trustee, before making sale, shall file a bond, and report all sales to the Court of equity; "and no sale made by any such trustee without such bond shall be valid or pass any title to such estate."

In the case of the above-mentioned sale, the filing of the bond after sale was made and before ratification, is insufficient; and there is nothing in the charter of the trust company which exempts it from the require-ment to give bond before the sale, when its appointment as trustee to make sale was under the deed of trust.

Appeal from the Circuit Court of Baltimore City (DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER, and JONES, JJ.

*T. Wallis Blackistone* and *T. Rowland Slingluff* (with whom were *Fielder C. Slingluff* and *Ruxton M. Ridgely* on the brief), for the appellant.

*D. K. Este Fisher* and *Wm. H. Surratt*, for the appellee.

PEARCE, J., delivered the opinion of the Court.

The only question arising upon these two appeals is whether a valid sale of real estate can be made under a mortgage deed of trust until a bond has been first filed by the trustee.

The Arling-Brooke Real Estate Company, owning two hundred acres of unimproved land within the limits of Baltimore City, executed such a deed of trust to the Union Trust Company of Maryland, to secure an issue of bonds to the amount of $600,000, the proceeds of which were to be used in paying for and developing said real estate. The Trust Company accepted the trust, and bonds were issued and disposed of accordingly. The Trust Company was authorized by said deed of trust upon default in the semi-annual payment of interest upon the bonds, to apply to any Court of competent jurisdiction for the appointment of a receiver, the consent to such appointment being declared in said deed. Default having been made in payment of the interest on said bonds, the Trust Company filed a bill in the Circuit Court for Baltimore City asking the appointment of a receiver to hold said real estate until a sale could be made under the direction of the Court. The Court assumed jurisdiction of the trust, appointed receivers, and in due course passed an order, authorizing the Union Trust Company, as the trustee under said deed, to sell the mortgaged real estate in accordance with the terms of the deed of trust, and to report such sale to the Court for its ratification. Sale was accordingly made to the appellee, John V. Ward, for the sum of $250,000, and the sale was duly reported to the Court.

Subsequently the purchaser filed exceptions to the ratification of the sale upon the ground that the trustee had filed no bond before the sale, as the exceptant alleged was required by sec. 205 A of ch. 114 of the Acts of 1900, being sec. 205 A of Article 16 of the Code, and upon the hearing the Court, JUDGE DENNIS, sustained the exceptions and set aside the sale. From this order the Union Trust Company has taken two appeals,

one as plaintiff in the cause below, and one as creditor and holder of some of the certified bonds of the Real Estate Company, but these appeals involve the same question and will be disposed of as one

The provisions of sec. 205 A, material for consideration, are as follows :

" When any estate, real, personal or mixed, shall be limited or conveyed to *any trustee as security for debt*, or to be sold upon a contingency, it shall not be necessary for such trustee to file a bond until after the contingency happens, *or a sale is about to be made* in pursuance of the power contained in the deed or instrument creating the trust, and every such trustee, *before making sale*, shall file with the Clerk of the Court in which the deed or instrument creating the trust is recorded, a bond in such penalty as the clerk may prescribe ;   *   *   * and shall report all sales made by him to the Court of equity having jurisdiction in the premises, in the same manner and subject to the same rules as are required and prescribed in relation to sales made in pursuance of decrees of Courts of equity in this State ; *and no sale made by any such trustee, without such bond shall be valid, or pass any title to such property or estate.*"

This section has never been brought before this Court for construction, and we are not advised that it has been construed in any of the lower Courts, except in this case, but its construction seems to us to be free from difficulty.   An ingenious and elaborate argument was made by the appellant to show that sec. 205 A has no application to mortgage deeds of trust of this character, and it was also contended that even if a bond is necessary, it can be filed at any time before ratification of the sale ; but we have not been convinced upon either branch of this argument.   It is based upon a critical analysis and comparison of sec. 205 of Art. 16, as it stood before the Act of 1900; ch. 114, and of the same section as re-enacted, and of sec. 205 A as added by that Act.

The original section was limited in its application to estates " conveyed for the benefit of creditors, or to be sold for any

other purpose," and provided that "when the sale is to be made on a contingency, no bond need be given until the contingency happens, but no title shall pass to any trustee as aforesaid until such bond shall be filed, and no sale made by any such trustee, without such bond, shall be valid, or pass any title to such property or estate." The only decisions upon that section are the *Casualty Company's case*, 82 Md. 535, and *Talbott* v. *Leatherbury*, 92 Md. 166. In the former, the Court was dealing with the distribution of the funds of the American Casualty Insurance and Security Company, an insolvent corporation in the hands of receivers, among its creditors. Among its assets were $200,000 of Baltimore City stock deposited with the Treasurer of Maryland, as shown by his certificate, "as a guarantee for the payment of the policies of insurance issued by said company." The general creditors contended that if that deposit created a trust, still no title passed, because no bond was given, as they claimed was required by sec. 205 ; but this Court held that section had no application to a trust of that character.

In the latter case, we held that a deed of trust which directed the trustee to hold the property conveyed, in trust until the youngest child of the grantor reached the age of twenty-one, and then to convey absolutely to the grantor's children, with an incidental power of sale, if the trustee deemed it for the interest of the parties, was not within the purview of sec. 205.

From this reference to these cases, it is apparent that they can have no bearing on the case before us, which arises under sec. 205A.

Section 205 as re-enacted by the Act of 1900 was made to apply not only to conveyances "for the benefit of creditors, or to be sold for any other purpose," as in the original, but also to estates "*to be sold* for the benefit of creditors," as if to make assurance doubly sure, by the insertion of the words "to be sold" in the second class of conveyances embraced. It retained the same precise provision as to sales upon a contingency, and as to the retention of title in the grantor, and the

invalidity of any sale, unless bond was given before sale, and there was no other change in the scope and operation of the law, the alteration in the provision as to sales upon a contingency, being merely in its phraseology and its location in the section.

Section 205A, embraces an additional class of trust convey-veyances, namely, those made "*as security for debt,*" and as the bonds secured by this deed of trust are undeniably *debts* of the Real Estate Company, this deed must come within the purview of sec. 205A. Now this section provides that under such a conveyance "it shall not be necessary for such trustee to file a bond *until* * * * a sale is about to be made in pursuance of the power contained in the deed or instrument creating the trust, and every such trustee, *before making sale*, shall file with the clerk of the Court in which the deed or instrument creating the trust is recorded, a bond in such penalty as the clerk may prescribe." These provisions, first by plainest inference, and again by direct and positive command, require that the bond shall be filed, *before the sale;* and after providing for the report of every such sale in the same manner and subject to the same rules which govern sales under decrees in equity, it emphatically declares that "no sale made by any such trustee, without such bond, shall be valid or pass any title to such property or estate."

Courts are as much bound as parties by a statute plainly and unequivocally expressing the legislative intent, unless it clearly violates some provision of the Constitution. The Court cannot say that a bond may be filed *after the sale*, when the Legislature has said it shall be filed *before the sale*. It cannot, by ratifying such a sale as this, say that the sale *shall* pass title to the property, when the Legislature has said it *shall not*. The fact that the Court has taken jurisdiction of this trust for the purpose of directing the trustee in its execution under the terms of the instrument creating him trustee, cannot authorize the Court to nullify the requirements of the statute, which governs the instrument, the trustee, and the Court alike. The authority possessed by the Court, and con-

stantly exercised with sound discretion, in enlarging or restricting the power of trustees appointed by it, and of modifying the terms of its own decrees to meet the exigencies of the situation, cannot be invoked here. There is no provision in the charter of the Union Trust Company which can exempt it from the requirement to give bond before the sale, when its appointment as trustee is under a deed of this description, and is not derived from the decree of the Court. A number of ingenious grounds were urged by the appellant in support of the validity of the sale, but when examined, all will be found to contravene the fundamental and imperative requirements of the statute, and we do not deem it necessary to prolong this opinion in their consideration, or to discuss the motion to dismiss the appeals.

> *Order affirmed with costs to the appellee above and below.*

(Decided December 1st, 1904.)