HORACE S. CUMMINGS AND ARTHUR E. RANDALL
*vs.* JOSEPH E. WILDMAN.

*Statutes: construction; Courts governed by—. Trustees' sales:
bond first to be filed; Code of Pub. Gen. Laws, Art. 16,
sec. 205. Rules of Evidence. Remedies: Legis-
lature's right to modify—.*

Courts are as much bound as are individuals by a statute
plainly and unequivocally expressing the legislative intent,
unless it clearly violates some provision of the Constitution.
p. 315

A Court can not by sustaining a sale declare that the sale shall
pass title to the property, when the legislature has said that
it shall not.                                    p. 315

Courts, in applying a statute, can not enlarge, modify or
restrain its plain language and terms so as to meet the exi-
gency of a particular case, nor uphold contentions that would
contravene the fundamental and imperative requirements of
the statute itself.                              p. 315

Section 205 of Article 16 of the Code of Public General Laws
(1888), as amended by the Act of 1892, Chapter 241,* does
not apply only to conveyances creating a deed of trust for
the benefit of creditors, but applies to all deeds creating trusts
"for the sale of property for any other purpose," as pro-
vided by the terms of the article itself.        p. 316

Where trustees under such a deed make a sale without first
filing a bond, as required by law, no title passes and the sale
is invalid.                                      p. 316

Legislation of this class is free from all constitutional objec-
tion, and does not offend either against Article 23 of the
Declaration of Rights nor against section 1 of the 14th Amend-
ment to the Constitution of the United States.   p. 316

The legislature has the right to adopt and change rules of evi-
dence and to alter the remedy for the enforcement of rights.
p. 316

---

*Sec. 221 of Art. 16 of the Code of Pub. Gen. Laws of 1904.

The legislature may at its pleasure mould and provide the remedy in legal proceedings.                                    p. 317

*Decided June 24th, 1911.*

Appeal from the Circuit Court of Prince George's County (BEALL, J.).

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, URNER and STOCKBRIDGE, JJ.

*F. Snowdon Hill* (with whom was *Joseph C. Mattingly* on the brief), for the appellants.

*T. Van Clagett* filed a brief for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal, from a decree of the Circuit Court for Prince George's County passed on the 30th day of March, 1911, upon a special case stated in accordance with Rules Numbers 47 and 48, of the equity rules, for the regulation of pleading and practice of the Courts of equity in this State, and now sections 197 and 198 of Article 16 of the Code of 1904.

The questions stated and raised before the Court below, relate to the construction of certain title deeds, and the validity of the contract of sale and purchase, between the plaintiffs and defendant, and were presented for decision by the following questions, set out in the record:

(1) Did section 205 of Article 16 of the Code of Public General Laws of Maryland of 1888, and as amended by the Act of 1892, Chapter 241, and section 209 of the said article (or either of them) apply to the deed from Richard Wainwright to Augustus Burgdorff and Frederick W. Pratt, trustees, and the sale made thereunder.

(2) Under the said contract of sale and purchase is the plaintiffs' title to the piece of land therein described such as the defendant should take.

The Court below held, that the sale was null and void, and that the plaintiffs acquired no title to the property thereunder, and directed that the plaintiffs refund to the defendant the deposit of tweny-five dollars.

The facts upon which the decision must turn, are these:

Richard F. Wainwright, by his deed dated August 15, 1891, duly executed, acknowledged and delivered by him to the grantees therein on said day, and by them recorded among the Land Records of Prince George's County, Maryland, on March 1, 1900, in consideration of $51.350.00 paid to him by the said grantees, "granted, bargained and sold unto Augustus Burgdorff and Frederick W. Pratt, the survivor of them, his heirs and assigns forever," certain tracts of land therein described, situate partly in the District of Columbia and partly in Prince George's County, Maryland; "in and upon the following trusts and for no other use or purpose whatsoever, that is to say:

"First: To hold the same for the sole use and benefit of the persons who have contributed, and in the proportion contributed by each, to the purchase of the said land and premises, as tenants in common, and not as joint tenants, and their heirs and assigns, until the said land and premises shall be sold as hereinafter provided."

The persons who have contributed to the purchase are named in the deed.

"Second: To subdivide the land, or any portion thereof, into lots, streets and alleys, in the discretion of the parties of the second part or the survivor of them.

"Third: To sell, lease or encumber the land and premises, the whole or any part thereof, upon such terms and conditions, in such manner and quality and quantity of estate and by such forms of instruments, as the parties of the second part, or the survivor of them, in their or his discretion, may deem most advantageous to the persons beneficially interested in the land and premises, and to convey the same by good and proper conveyance, either in fee simple or by deed of trust, mortgage or otherwise and without any liability on the part of the purchaser

or purchasers, mortgagee or mortgagees, trustee or trustees, or any person whomsoever, to see to the application of the purchase, trust, mortgage or other money."

The trustees took possession of the land upon the delivery of the deed to them— that is to say, on August 15, 1891; and continuously held possession of the same until February 9th, 1900, when they undertook to sell and convey, in fee simple, all the tract of land, subject to liens thereon then amounting to $35,000.00 for $10.00, and the satisfaction of the liens, to Horace S. Cummings, one of the plaintiffs herein, by their deed in the usual and legal form for such purpose, dated February 9, 1900, duly executed and acknowledged by them, and delivered by them to Cummings; and by him recorded among the Land Records on March 1, 1900; and Cummings thereupon took possession of all of the tracts of land.

The trustees did not file any bond with the clerk of the Circuit Court for Prince George's County; and their sale to Horace S. Cummings was neither reported to nor finally ratified by the Court. Thereafter Horace S. Cummings undertook to sell and convey a one-half undivided interest, in fee simple, in and to all of the tracts of land for $10.00 and other valuable considerations to Arthur E. Randle, one of the plaintiffs herein, by his deed in the usual and legal form for such purposes, dated March 7, 1900, and duly executed and acknowledged by him and delivered by him to the said Randle, and by him recorded among the said Land Records on September 8, 1902.

On January 2, 1911, the plaintiffs, Horace S. Cummings and Arthur E. Randle, agreed to sell a part of the lands, the part located in Prince George's county, Maryland, to Joseph E. Wildman, the defendant herein, and the defendant agreed to buy said part, by a written contract of sale which is in the following words and figures, viz:

"This writing, made this second day of January, 1911, witnesseth that the undersigned, Horace S. Cummings and Arthur

E. Randle, both of Washington City, in the District of Columbia, have agreed and do hereby agree to sell to Joseph E. Wildman, of Prince George's county, Maryland, and the said Joseph E. Wildman has agreed and does hereby agree to buy from the said Cummings and Randle, all that piece of land, being a part of 'Blue Plains,' situate in Oxon Hill District, of Prince George's county, Maryland, described as follows: Beginning at a stone on Oxon Creek ,and with said creek (1) South 9° 30′ West 12 perches; (2) North 77° West 31 perches to the mouth of Oxon branch; (3) North 15° 16′ West 19.72 perches to the line of the District of Columbia, and with said line (4) North 50° 9 perches to a stone; thence in a straight line to the beginning, containing 4.14 acres, more or less, for the price of two hundred dollars, of which twenty-five dollars has been paid by the said Wildman to the said Cummings and Randle as a deposit to be applied as part payment of the said purchase money upon the following terms: Cash within thirty days from this date, otherwise deposit to be forfeited; and the title to be good, or no sale, and deposit to be refunded."

On January 31st, 1911, Joseph E. Wildman, defendant herein, by his letter of the same date, notified the plaintiffs that the title to the piece of land sold to him, was not good and that he would not accept the same; and demanded the return of his deposit, for the following reasons:

"1. Because Augustus Burgdorff and Frederick W. Pratt, trustees, under deed from Richard F. Wainwright, dated August 15, 1891, and recorded among the Land Records of Prince George's county, Maryland, in Liber J. B. No. 10, folio 55, and under whom you claim, have never filed a bond, as such trustees, with the clerk of said Court, as is required by section 205 of Article 16 of the Code of Public General Laws of 1888, as amended by the Act of 1892, Chapter 241.

"2. Because they have never reported their sale to Horace S. Cummings of the said tract of land, of which my purchase is a part, to the Circuit Court for Prince George's County, as is required by section 209 of the said article.

"3. Because the said sale to Horace S. Cummings has never been finally ratified by the said Court, as is required by the said section 209."

Upon this state of facts, it is contended upon the part of the appellants, first, that section 205 of Article 16 of the Code of 1888, as amended by the Act of 1892, Chapter 241, does not apply to the deed here in question, but only applies to a technical conveyance in trust for the benefit of creditors, that is, to an assignment of all of a debtor's property, in trust, for the benefit of all his creditors and that the words "or to be sold for any other purpose" following the words "for the benefit of creditors" relate only to technical conveyances and sales thereunder.

Second, that if section 205 of Article 16 of the Code does embrace a deed of this character, then, so far as it affects this deed, the section is unconstitutional and void, and violates Article 23 of the Declaration of Rights, of this State, and section 1 of the 14th Amendment to the Constitution of the United States.

It will be seen that section 205 of Article 16 of the Code, 1888, was repealed and re-enacted with amendments by Chapter 241 of the Acts of 1892, but did not change that section of the Code as applicable to this case. The deeds were all executed since the Code of 1888, and prior to March 27, 1900, when the section was re-enacted by Chapter 114 of the Acts of 1900, and now sections 221 and 222 of Article 16 of the Code of 1904.

This section (205) of the Code of 1888, as amended by the Acts of 1892, Chapter 241, and as applicable to this case, is as follows:

"Every trustee, to whom any estate, real, personal or mixed, shall be limited or conveyed for the benefit of creditors, or to be sold for any other purpose, shall file with the Clerk of the Court in which the deed or instrument creating the trust may be recorded, a bond in such penalty as the clerk may prescribe, being as nearly as can be ascertained, double the amount of the trust estate, and with sureties to be approved by the clerk, conditioned for the faithful performance of the trust, by the deed or other instrument reposed in such trustee, which bond shall be recorded in the office of said clerk; but when the sale is to

be on a contingency, no bond need be given until the contingency happens; no title shall pass to any trustee as aforesaid, until such bond shall be filed and approved as aforesaid, and no sale made by any such trustee without such bond, shall be valid, or pass any title to such property or estate."

This section (205) now under consideration has been before this Court, in a number of cases, but they are in most part cases of deeds of trust for the benefit of creditors, where it is not disputed the section applied. *Stiefel* v. *Barton,* 73 Md. 409; *Gans* v. *Carter,* 77 Md. 1; *Fidelity and Deposit* v. *Haines,* 78 Md. 457; *White* v. *National Bank,* 80 Md. 1; *Steel Co.* v. *Equitable Society,* 113 Md. 79.

In *Moore* v. *Title and Trust Co.,* 82 Md. 290, it was held, that as it was not necessary, in that case, to record the deed of trust to affect the fund in controversy, the provisions of section 205 of the Code did not apply.

In *Casualty Ins. Company's Case,* 82 Md. 563, it was said, "as to section 205, Article 16, of the Code, which requires trustees to whom any property has been conveyed or limited for the benefit of creditors or to be sold for any purpose, to give bond to be filed with the clerk of the Court, it is only necessary to say, that it has no application to a trust of this character. That section relates only to the assignment or conveyance of property *for the purpose of sale,* and it provides that no title shall pass to any trustee until such bond shall be filed and approved, and that *no sale* made by any such trustee without such bond shall be valid."

In *United Ry's.* v. *Rowe,* 97 Md. 658, we said, that this section (205) did not apply to an assignment of the character in that case because it was not necessary to record the assignment, to make it valid and operative, and it was not an assignment by a debtor for the payment of his debts.

In *Philbin* v. *Thurn,* 103 Md. 342, it was said, trustees appointed by will with power to sell property are not within the provisions of Code, Article 16, section 221, and it was

not necessary that the trustee named in the will should give bond.

In *Union Trust Co.* v. *Ward,* 100 Md. 98, where the deed of trust was given to secure the payment of an issue of bonds to a trust company, it was held, quoting the language of the reporter in the case, that the sale was invalid on account of the failure of the trustee to file a bond under Code, Article 16, section 205A, 1904, which provides that when any estate shall be conveyed to a trustee as security for a debt or to be sold on a contingency, every such trustee, before making sale, shall file a bond and report all sales to the Court "and no sale made by any such trustee without such bond shall be valid or pass any title to such estate." Judge Pearce, in delivering the opinion of the Court, uses this language, "these provisions, first by the plainest inference and again by direct and positive command requires that the bond shall be filed before the sale, and after providing for the report of every such sale, it emphatically declares, that no sale made by any such trustee without such bond, shall be valid or pass any title to such property or estate."

While these cases as cited reflect upon the tendency of the Courts in the construction of this and similar statutes in support of the validity or invalidity of sales made thereunder, we think the language used by this Court in *Leatherbury* v. *Talbott,* 92 Md. 166, is conclusive against the contention of the appellants on this record. In *Talbott's Case* (*Supra*), the deed created a trust to hold the property until a given time and then convey it absolutely to the *cestuis que trust,* with an incidental power of sale, conferred by the deed. We said in that case the provisions of section 205 of Article 16 of the Code were not intended to apply to deeds like the one then under consideration. That section requires every trustee to whom any estate, real, personal or mixed shall be limited or conveyed for the benefit of creditors or *to be sold* for any other purpose to file a bond * * *, before any title to the property conveyed shall pass to him * * *.

And we further said, this section was obviously intended to apply only to deeds creating trusts *for the sale* of property whether the sale was to be made for the benefit of creditors or *for any other purpose.*

The property in this case was conveyed to trustees. "to sell, lease or encumber it," as the trustees might deem advantageous for and to the persons beneficially interested in the land." It was to be held for the sole use and benefit of the persons who have contributed to the purchase of the land. until the land should be sold, as therein provided. The persons beneficially interested are those who contributed their money to the purchase of the land, and who would be protected by the bond required by the statute. The property was conveyed to the trustees to be sold for the benefit of the grantors in the deed.

The language of the statute is clear and positive that "every trustee to whom an estate * * * shall be conveyed for the benefit of creditors or *to be sold for any other purpose,"* shall file the bond, and no title shall pass without such bond, and no sale without such bond shall be valid or pass any title to the property.

As was said in effect by this Court in *Ward's Case, Supra,* Courts are as much bound as parties by a statute plainly and unequivocally expressing the legislative intent, unless it clearly violates some provision of the Constitution. It can not by sustaining a sale, say that the sale shall pass title to the property, when the legislature has said it shall not. Courts can not nullify the requirements of the statute, which governs the instrument, the trustees and the Court alike. They can not enlarge, modify or restrict the plain language and terms of a statute to meet the exigencies of a particular case, nor uphold contentions, that would contravene the fundamental and imperative requirements of the statute itself.

It will be seen by reference to the various Acts of Assembly, upon this subject, since the Act of 1874, Chapter 483,

that various changes have from time to time been made in the provisions of section 205, but the requirement for bonding trustees have always been retained. This section as now codified, section 221 of Article 16, Code of 1904, reads as follows: "Every trustee to whom any estate, real, personal or mixed shall be limited or conveyed for the benefit of creditors or to be sold for the benefit of creditors or to be sold for any other purpose" * * *, shall file the bond as required, and no title shall pass * * * and no sale without such bond shall be valid, or pass any title to the property.

We hold, that the deed now before us falls within the terms of section 205 of Article 16 of the Code of 1888, as amended by the Act of 1892, Chapter 241, and that this section is not limited to conveyances creating a trust for the benefit of creditors, alone, but was intended to apply to deeds creating trusts "for the sale of property for any other purpose;" as provided by the terms of the act itself. We further hold that as the trustees failed to file a bond, as required by law, no title passed to them, and consequently the sale made by them, without having filed the bond, was invalid and did not pass any title to the property.

We think it is too well settled to admit of serious controversy that this class of legislation is free from all constitutional objection and does not offend against either Article 23 of the Declaration of Rights of this State, or section 1 of the 14th Amendment of the Constitution of the United States.

The cases relied upon by the appellants in their brief have no application to the principles upon which such legislation is based.

The Legislature has the undoubted right to change and adopt rules of evidence, and to alter and modify the remedy for the enforcement of rights, and these are always further subject to modification and control by the Legislature. *Gibbs v. Gale,* 7 Md. 76; *Baugher v. Nelson,* 9 Gill, 308; *Sutherland v. Norris,* 74 Md. 326; *Wilson v. Simon,* 91 Md. 1.

Md.]                    Syllabus.

The power of the Legislature to mould and provide at its pleasure the remedy in legal proceedings is fully sustained by the Supreme Court of the United States in a number of cases. *Ogden* v. *Saunders,* 12 Wheat. 349; *Webb* v. *Den.,* 17 Howard, 576; *Hill* v. *Merchants,* 134 U. S. 515; *Valley Bank* v. *Craig,* 181 U. S. 548.

For the reasons stated. the decree appealed from will be affirmed.

*Decree affirmed, with costs.*