# WILLIE CASON *v.* STATE OF MARYLAND

[No. 275, September Term, 1975.]

*Decided April 12, 1976.*

The cause was submitted on briefs to GILBERT, LOWE and MASON, JJ.

Submitted by *Alan H. Murrell, Public Defender, Arnold M. Zerwitz, Assistant Public Defender* and *Barry Cohen, Assistant Public Defender,* for appellant.

Submitted by *Francis B. Burch, Attorney General, David B. Allen, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City* and *Charles Frey, Assistant State's Attorney for Baltimore City,* for appellee.

MASON, J., delivered the opinion of the Court.

On June 11, 1974, the appellant, Willie Cason, was sentenced in the Criminal Court of Baltimore to three years for the crime of shoplifting. This sentence was suspended and the appellant was placed on probation. On January 23, 1975, a probation revocation hearing was held and the hearing judge found that the appellant had violated the following conditions of probation: (1) he failed to conduct himself in a law abiding manner, viz., he committed subsequent offenses; and (2) he failed to take psychiatric treatment as directed. As a consequence of these violations, appellant's original three year sentence, imposed and suspended on June 11, 1974, was reinstated.

At the probation revocation hearing, the appellant requested to represent himself. The court stated, "I am not going to let him waive his right. I want you (counsel) to stay there, in a sense take a passive role, that's what he seems to want." The court further stated it was "not letting him waive counsel because I don't think it is intelligently waived."

On appeal, the appellant contends, in effect, that he was denied assistance of counsel. Before we address this issue, we must determine whether the appellant was entitled to counsel in the first instance. Ordinarily, a probation revocation hearing which does not involve the imposition of a sentence is not a critical stage of a criminal proceeding and the probationer is not entitled to counsel as a sixth amendment right under the United States Constitution. *Knight v. State,* 7 Md. App. 313, 255 A. 2d 441 (1969). On the other hand, the constitutional right to counsel extends to probation revocation proceedings where: (1) sentence is imposed at the hearing, or (2) due process would be affronted. *Laquay v. State,* 16 Md. App. 709, 299 A. 2d 527

(1973). Here the appellant had already been sentenced at conviction for the substantive offense. Therefore, any right he has to counsel must be invoked under the due process clause of the fourteenth amendment, rather than under the sixth amendment. In *Gagnon v. Scarpelli*, 411 U. S. 778, 93 S. Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court stated at 411 U. S. 790-791:

> It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. . . . Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.

In applying the facts of this case, i.e., appellant's inability to intelligently waive counsel,[1] to the general principles enunciated in *Gagnon, supra,* we conclude that under the dictates of fundamental fairness and due process the appellant was entitled to counsel. See *Lau v. State*, 29 Md. App. 615, 350 A. 2d 142 (1976); *McRoy v. State*, 24 Md. App. 321, 330 A. 2d 693 (1975).

---

1. The hearing judge apparently concluded that the appellant could not intelligently waive counsel because of his mental condition.

We now return to the issue of whether the appellant was denied assistance of counsel. It is clear that a defendant in a criminal case has a constitutional right of self-representation and he may defend himself without counsel when he knowingly and intelligently elects to do so. *Faretta v. California,* 422 U. S. 806, 95 S. Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Renshaw,* 276 Md. 259, 347 A. 2d 219 (1975); *Hamilton v. State,* 30 Md. App. 202, 351 A. 2d 153 (1976). By the same token, we hold that the constitutional right of self-representation extends to a probationer.

In *Renshaw, supra,* the defendant at trial requested appointment of different counsel which was denied. The trial court told the defendant he could conduct his own case but counsel would be standing by and available if needed. The Court of Appeals, speaking through Judge Levine, held that a request for different counsel is not a waiver of the sixth amendment right to the assistance of counsel. Regarding self-representation and waiver of counsel, the Court of Appeals observed:

> To be sure, a criminal defendant does have a constitutional right to proceed without counsel if he intelligently and competently waives his right to counsel. (Citation omitted). But the standard for waiver of the right to counsel remains unchanged .... The record must show that the defendant is competent to waive the right to counsel, and that he knowingly and intelligently has done so after being made aware of the advantages and disadvantages of self-representation .... *Where the accused cannot waive the right to counsel, or has not effectively done so, the court must take steps to insure that the accused is represented by counsel even if he professes his unwillingness to have a lawyer.* Id. at 267-268 (Emphasis supplied).

In the present case, the hearing judge held, and rightfully so, that the appellant could not knowingly and intelligently waive his right to counsel. Notwithstanding this holding, the judge, instead of insuring full legal representation for the

appellant, directed counsel to remain at the trial table but to "take a passive role". Consequently counsel did not participate in the hearing and the appellant was compelled to conduct his own defense. The appellant was entitled to more than the mere presence at the trial table of someone with a law degree. He had a right to genuine and effective representation. *Renshaw, supra.*

In speaking to the issue of representation by counsel in the absence of a waiver, the *Renshaw* court cogently and succinctly stated:

> Absent a waiver, effective representation must be afforded regardless of whether it is requested by the accused. (Citation omitted). No waiver having been made here, the trial court should have ordered counsel to continue to render the fullest possible legal representation under the circumstances, with or without the cooperation of the defendant, bearing in mind, as the Supreme Court noted in *Gagnon v. Scarpelli,* [411 U. S. at 787] . . . that the lawyer who represents a criminal defendant is "bound by professional duty to present all available evidence and arguments in support of [the client's] positions and to contest with vigor all adverse evidence and views." *The court erred, therefore, in advising counsel to remain silent unless requested by the defendant to speak. Id.* at 270 (Emphasis supplied).

We similarly conclude that the hearing judge in the case *sub judice* erred in advising counsel to take a passive role.

It follows from the views we have expressed that the absence of effective representation of counsel in this proceeding was a denial of due process under the fourteenth amendment.

*Order revoking probation reversed.*
*Case remanded for a new hearing.*