## HARRY PAUL BRYAN, JR. *v.* STATE OF MARYLAND

[No. 920, September Term, 1977.]

*Decided April 14, 1978.*

---

**19.** The Court of Appeals denied certiorari January 4, 1978.

The cause was submitted on briefs to GILBERT, C. J., and LISS and COUCH, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Geraldine Kenney Sweeney, Assistant Public Defender,* for appellant.

Submitted by *Francis B. Burch, Attorney General, Ray E. Stokes, Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *James W. Dryden, Assistant State's Attorney for Anne Arundel County,* for appellee.

LISS, J., delivered the opinion of the Court.

On August 25, 1976, appellant, Harry Paul Bryan, entered a plea of guilty in the Circuit Court for Anne Arundel County to a charge of robbery with a deadly weapon. On October 14, 1976, the appellant was committed to the custody of the Division of Correction for a period of two years with credit for the time he spent in jail awaiting trial. The trial judge suspended the sentence and the appellant was placed on two years' probation subject to the standard conditions of probation. Appellant was also required to take counseling as directed by his probation agent and to continue his residence with a Mr. William Drury.

On May 2, 1977 a report charging the following violations of probation was filed in the Circuit Court:

1. Not working or going to school;
2. moving from the residence of William Drury without the permission or knowledge of his probation agent;
3. being arrested for breaking and entering in Caroline County;
4. being convicted in Baltimore City of armed robbery.

A probation revocation hearing was scheduled on August 8, 1977, and on that date the appellant appeared before the trial judge without counsel. The following colloquy then ensued between the appellant and the court:

"THE COURT: Do you have an attorney, Mr. Bryan?
APPELLANT: No, sir.
THE COURT: Do you want one?
APPELLANT: No, sir.
THE COURT: You do not?
APPELLANT: No, sir."

The trial thereupon proceeded, and after hearing testimony from the agent, the court struck out the probation previously granted the appellant and reimposed the original two year sentence consecutive to the seven year sentence which the appellant was serving for the subsequent armed robbery conviction in Baltimore City.

Appellant contends that his right to due process was violated because he was not advised of his right to request appointment of counsel on his behalf and that counsel was not appointed. We agree and for the reasons we shall hereafter state we shall reverse and remand for a new trial.

The guidelines for appointing counsel for probation revocation hearings were stated by the United States Supreme Court in *Gagnon v. Scarpelli,* 411 U. S. 778, 790-91, 93 S. Ct. 1756, 1764, 36 L.Ed.2d 656, 666-67 (1973). The Court there stated:

"It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, *after*

*being informed of his right to request counsel,* the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record." (emphasis added).

*See also*: *Cason v. State,* 31 Md. App. 121, 354 A. 2d 840 (1976); *Lau v. State,* 29 Md. App. 615, 350 A. 2d 142 (1976); *McRoy v. State,* 24 Md. App. 321, 330 A. 2d 693 (1975).

Under *Gagnon, supra,* it would appear that the starting point for deciding whether or not counsel should be appointed in a probation revocation hearing is for the court to advise the defendant that he has the right to request appointed counsel.[1]

It is, of course, clear from the record that the appellant not only did not request counsel but that he affirmatively indicated he did not want counsel. If this was, under the circumstances, an effective waiver of his right to counsel,

---

1. This Court has recognized this principle. In the pre-*Gagnon* case of Knight v. State, 7 Md. App. 313, we adopted guidelines for probation revocation hearings which included the statement that the trial court was not in all cases obliged to advise the accused of his right to counsel. In post-*Gagnon* summaries of the guidelines that statement has been excised. *See*: Lau v. State, 29 Md. App. 615, 350 A. 2d 142; McRoy v. State, 24 Md. App. 321, 330 A. 2d 693 (1975).

that fact would be dispositive of the appellant's contention. There is, however, another factor which must be assessed in determining whether the right to counsel was properly waived.

Neither the trial court nor counsel on appeal considered the possible effect of Maryland Rule 723, which became effective on July 1, 1977, on the propriety of the waiver of counsel in this case. That Rule requires a specific procedure which includes a waiver hearing whenever a defendant appears in court without counsel. Subsection c of that Rule provides as follows:

"c. *Waiver Inquiry.*

When a defendant indicates a desire or inclination to waive counsel, the court may not accept the waiver until it determines, after appropriate questioning on the record in open court, that the defendant possesses the intelligence and capacity to appreciate the consequences of his decision, and fully comprehends:

1. The nature of the charges against him, any lesser included offenses, and the range of allowable penalties, including mandatory and minimum penalties, if any;

2. That counsel can render important assistance to him in determining whether there may be defenses to the charges or circumstances in mitigation thereof, and in preparing for and representing him at trial;

3. That even if the defendant intends to plead guilty, counsel may be of substantial assistance in developing and presenting information which could affect the sentence or other disposition;

4. That if the defendant is found to be financially unable to retain private counsel, the Public Defender or the court would, if the defendant wishes, provide counsel to represent him."

That this requirement applies in cases of probation

revocation seems to us to be evident from the language of subsection d (2) and subsection e of the Rule, which state:

"d. *Procedure After Waiver Inquiry.*

. . .

2. If the defendant appears in court without counsel, *at any proceeding after his appearance pursuant to section a of this Rule,*[2] the court may not proceed before determining whether the defendant at that time desires to waive counsel, or has waived counsel, either affirmatively or by neglecting or refusing to obtain counsel. (emphasis supplied).

e. *Record of Compliance.*

The advice of the court given pursuant to section b and c of this Rule and the finding that the defendant waived counsel pursuant to sections c and d of this Rule shall be made on the record in open court. The docket entries shall affirmatively show compliance with this Rule."

The record in the instant case does not show compliance with the applicable provisions of Rule 723. We conclude that there was no effective waiver of the right to counsel and must therefore remand the case for further proceedings. We express no opinion as to whether, after informing the appellant of his right to counsel, the court, in applying the

---

2. Subsection a of Rule 723 provides:

"a. *Appearance of Defendant.*

A defendant shall appear in person at the time and place specified in the summons or other writ issued pursuant to Rule 720 (Original Summons, Warrant and Notice to Appear), unless his counsel enters an appearance for him in writing on or before the time. If the defendant fails to appear personally or by counsel, the court may direct the clerk to issue a warrant for his arrest or to reissue the summons for personal service on the defendant."

256

standards set forth in *Gagnon v. Scarpelli, supra*; *State v. Renshaw,* 276 Md. 259, 347 A. 2d 219 (1975), and *Cason v. State, supra,* should appoint counsel for the appellant.

> *Judgment reversed; case remanded for further proceedings in conformity with this opinion.*
>
> *Costs to be paid by Anne Arundel County.*