# DONALD ELBERT BERRY v. STATE OF MARYLAND

[No. 445, September Term, 1978.]

*Decided March 7, 1979.*

The cause was submitted on briefs to MOORE, LOWE and WILNER, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Malloy, Assistant Public Defender,* for appellant.

Submitted by *Francis Bill Burch, Attorney General, Ray E. Stokes, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Robert Moss, Assistant State's Attorney for Baltimore City,* for appellee.

MOORE, J., delivered the opinion of the Court.

On March 7, 1973, Donald E. Berry, the appellant, was

convicted on a guilty plea in the Criminal Court of Baltimore (Cardin, J.) of nonsupport of his wife and two children pursuant to Article 27, Section 88 of the Annotated Code of Maryland (Supp. 1978). He was sentenced to the custody of the Division of Correction for an eighteen-month period. However, the sentence was suspended and the appellant was placed on probation on the condition he make support payments as directed by the court. Commencing on March 7, 1973, the probationary period was to run for three years.

Appellant encountered difficulty satisfying the support obligations and, therefore, was deemed in violation of his probation. On March 4, 1976, three days prior to the expiration of the probationary period, a warrant was issued for his arrest. A hearing was held with respect to this alleged violation in the Criminal Court of Baltimore (Hammerman, J.) on June 5, 1978, over two years after the expiration of the probationary period. The trial delay was attributable to pending criminal charges that resulted in several postponements of the revocation proceeding. At the hearing, the court revoked appellant's probation and reimposed the eighteen-month sentence, to be served consecutive to a sentence appellant was serving for an unrelated offense. On appeal, the appellant contends that: 1) the trial court was in error when it permitted appellant to waive counsel without conducting the waiver inquiry required by Maryland Rule 723 (c); 2) the trial court was without jurisdiction to revoke appellant's probation pursuant to Article 27, Section 88 (a)-(b) because the three-year probationary period had expired at the time of the hearing; and 3) his original conviction was unconstitutional because Section 88 (a) had been declared to be violative of the Equal Rights Amendment to the Maryland Constitution and, therefore, the original sentence could not be reimposed.

## I

Rule 723 (c), effective July 1, 1977, is mandatory and governs the "provision for or waiver of counsel" at a

defendant's initial appearance in a proceeding. It reads as follows:

"c. Waiver Inquiry.

When a defendant indicates a desire or inclination to waive counsel, the court may not accept the waiver until it determines, after appropriate questioning on the record in open court, that the defendant possesses the intelligence and capacity to appreciate the consequences of his decision, and fully comprehends:

1. The nature of the charges against him, any lesser included offenses, and the range of allowable penalties, including mandatory and minimum penalties, if any;

2. That counsel can render important assistance to him in determining whether there may be defenses to the charges or circumstances in mitigation thereof, and in preparing for and representing him at trial;

3. That even if the defendant intends to plead guilty, counsel may be of substantial assistance in developing and presenting information which could affect the sentence or other disposition;

4. That if the defendant is found to be financially unable to retain private counsel, the Public Defender or the court would, if the defendant wishes, provide counsel to represent him."

In *Bryan v. State,* 39 Md. App. 250, 384 A. 2d 479 (1978), we held that, pursuant to Maryland Rule 723 (d) (2),[1] the procedure directed by Maryland Rule 723 (c) was applicable whenever an accused appeared in court without counsel " 'at any proceeding after his appearance pursuant to Section [723

---

1. Rule 723 (d) (2) states:

"If the defendant appears in court without counsel, at any proceeding after his appearance pursuant to section a of this Rule, the court may not proceed before determining whether the defendant at that time desires to waive counsel, or has waived counsel, either affirmatively or by neglecting or refusing to obtain counsel."

(a)],'" and that this included probation revocation proceedings. *Id.* at 254-55. The Court of Appeals recently affirmed the holding of the *Bryan* case. 395 A. 2d 475 (1978).

The record before us indicates that at the probation revocation hearing the following colloquy occurred between the court and the appellant:

> "THE CLERK: Your Honor, we will hold the warrant pursuant to the other trial. Now, Mr. Berry, this is a criminal proceeding. You would have a right to have a lawyer represent you in this case or you can proceed without one, sir. What is your wish in that respect?
>
> MR. BERRY: Proceed without one.
>
> THE CLERK: Proceed without one. You also have a right to enter a plea of guilty or not guilty for failing to make the payments through the Probation Department. What is your plea?
>
> MR. BERRY: Not guilty.
>
> THE CLERK: Not guilty. All parties raise your right hands."

It is very apparent that the lower court, in its cursory questioning of appellant, failed to comply with the mandatory standards of Rule 723 (c). This constituted error and we would ordinarily reverse the judgment, vacate the sentence, and remand the case for further proceedings. However, for the reasons set forth in our consideration of appellant's second assignment of error, we find there must be a reversal without remand.

## II

Appellant contends that the lower court lacked jurisdiction to hear the revocation proceeding because of the following language in both subsections (a) and (b) of Article 27, Section 88:

> "If the court be satisfied by information and due proof under oath, *at any time during the three years,*

that the defendant has violated the terms of the order [of probation], the court immediately may proceed to the trial of the defendant under the original indictment or sentence him or her under the original conviction, as the case may be." (Emphasis added.)

According to appellant, the underscored phrase mandates that the probation revocation *hearing* be held *before* the expiration of the probationary period. The State, in disagreement, asserts that the provision refers to the petition-initiating process and, therefore, that the period was tolled on March 4, 1976, within the probationary period, when the Probation Department filed a Violation of Probation Petition and the arrest warrant was issued charging appellant with nonsupport. To construe section 88 so as to require the probation revocation hearing *within* the three-year period would, the State contends, constitute an unreasonable and illogical interpretation of the statute. We conclude that appellant's contention must prevail.

The statute involved here is not a civil limitations statute but is in a sense jurisdictional in that it places a limit upon the time when *the court* may proceed against a defendant who has been placed on probation. That which must satisfy the court "during the three years" is the presentation to it of "information and due proof," not the filing of an action as in Md. [Cts. & Jud. Proc.] Code Ann. § 5-101 (1974), or the commencement of an action as under former Art. 57, § 1. The latter are as stated in *Neel v. Webb Fly Screen Mfg. Co.,* 187 Md. 34, 37, 48 A. 2d 331 (1946), the "impetration of the original writ"; however, to satisfy the court with "information and due proof" clearly speaks to the trial itself, not to the petition of the probation department to revoke.

If the result of clear language in a statute is unreasonable and illogical, that is a legislative concern. We must not, and cannot, "enlarge, modify or restrict the plain language and terms of a statute to meet the exigencies of a particular case." *Cummings v. Wildman,* 116 Md. 307, 315, 81 A. 610 (1911). Neither the form of the statute, nor its plain words, expresses

the intention that the State would assume and we are proscribed from inserting words not in the original statute, *Celanese Corporation v. Davis,* 186 Md. 463, 470-71, 47 A. 2d 379 (1946); even if the words were apparently omitted through inadvertence, we must hold that the omission was intentional. *Rogan v. Baltimore and Ohio Railroad,* 188 Md. 44, 54, 52 A. 2d 261 (1947).

"[C]ourts must be governed by the intention of the Legislature if that can be ascertained from the statute, . . . and cannot legislate for it simply because they think it ought to have said something else." *Bartlett v. Ligon,* 135 Md. 620, 627, 109 A. 473 (1920). We are not "at liberty to surmise a legislative intent contrary to the letter of the statute or to indulge in license of inserting or omitting words [or rearranging phrases] with the object of making the statute express an intent which is not evidenced in the original form. . . . Interpolation of words, in order to make a statute include matters which the Legislature did not expressly include, invades the function of the Legislature." *Bosley v. Dorsey,* 191 Md. 229, 237, 60 A. 2d 691 (1948). Furthermore, this is a quasi criminal statute, and we have noted especially our reluctance to extend the scope of criminal statutes "to cases not plainly within the language used." *State v. Page,* 163 Md. 505, 513, 163 A. 493 (1932).

A petition for revocation is certainly not "information and due proof" and it is the latter only that, if presented to the court "during the three years," permits it to "proceed to trial . . . or sentence" the appellant. If that is unreasonable and illogical, the fault is not ours, nor is the ability to correct it. If the Legislature had intended it otherwise, "it could have said so plainly." *Cf. Neel, supra,* at 42.

### III

Appellant's last issue on appeal, raised in his Reply Brief, is that the lower court erred in reimposing his original sentence because section 88 (a) was held unconstitutional by this Court in *Coleman v. State,* 37 Md. App. 322, 377 A. 2d 553 (1977). This issue was not raised nor considered by the

trial court and is not properly before us. Md. Rule 1085. At the same time, we observe that appellant was also charged and convicted under section 88 (b) which remains unaffected by *Coleman.*

> *Judgment reversed and sentence vacated; costs to be paid by the Mayor and City Council of Baltimore.*