## JAMES HARVEY MILLER v. STATE OF MARYLAND

[No. 72, September Term, 1979.]

*Decided February 6, 1980.*

The cause was argued before MORTON, MOYLAN and MASON, JJ.

*Thomas J. Saunders, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*F. Ford Loker, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Charles*

---

Zuckerman, Assistant State's Attorney for Baltimore City, on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

On this appeal we are presented with two questions: First, whether the revocation of appellant's probation for failing to pay a fine and court costs was a violation of the equal protection clause of the fourteenth amendment; and second, whether the trial court lacked jurisdiction to revoke appellant's probation after the term of probation had expired. Because we answer the second question in the affirmative, we shall reverse the order of the lower court without reaching or deciding the first question.

James Harvey Miller, appellant, was convicted at a bench trial in the Criminal Court of Baltimore of breaking and entering and possession of narcotics paraphernalia. He was sentenced to two concurrent three year terms of imprisonment. The execution of the sentences was suspended and appellant was placed on probation for three years commencing November 21, 1974, subject, among other things, to the condition that he pay court costs of $74.00 and a fine of $500.00. After appellant's term of probation had expired, it was revoked for non-payment of the assessed fine and court costs.

At the time appellant was placed on probation, he was employed as a merchant seaman and a payment plan was established wherein appellant was to pay $20.00 a month by mail. From the date probation was granted to the date probation was revoked, appellant had paid only $70.00 and his last payment was on May 28, 1976. According to appellant, he was "blackballed" by the Maritime Union for missing a ship in Philadelphia. Thereafter, he did not rejoin the union because he did not have the $80.00 reinstatement fee. Since January of 1975 he had worked only for two months, and during 1977 he was incarcerated for eight months for burglary.

The record reveals that appellant was placed on probation for three years commencing November 21, 1974 and ending November 21, 1977. A petition to revoke his probation was

filed with the court and a warrant was issued on September 30, 1977. This warrant, however, was not signed by the issuing judge. For some inexplicable reason the warrant was not signed until January 30, 1978, four months after it was initially issued and more than two months after appellant's probationary period had expired. After a hearing on September 26, 1978, appellant's probation was revoked.

Appellant argues, and we agree, that the trial court lacked jurisdiction to revoke his probation after the probationary period had expired. On the other hand, the State argues that "since the cause for the violation arose within the probationary period, the court had jurisdiction to conduct a hearing." While this precise question is one of first impression in this State, there is a niagara of authority on this point in other jurisdictions. The cases in these jurisdictions, however, have reached different results and fall into one of the following three general categories depending, in most instances, on the language and interpretation of their statutes.

In the first category the cases hold that probation may be revoked provided the proceedings are initiated within a reasonable time after expiration of the probationary period. *See, e.g., United States v. Swanson,* 454 F.2d 1263 (7th Cir. 1972); *Commonwealth v. Sawicki,* 339 N.E.2d 740 (Mass. 1975); *Commonwealth v. Clark,* 225 Pa. Super. 171, 310 A.2d 316 (1973); *Decker v. State,* 209 N.W.2d 879 (N.D. 1973).

Cases in the second category hold that probation may be revoked if the proceedings are instituted within the probationary period. *See State v. Gibson,* 156 N.J. Super. 516, 384 A.2d 178 (1978); *Zillender v. State,* 557 S.W.2d 515 (Tex. Cr. App. 1977); *State v. O'Neal,* 554 P.2d 910 (Or. 1976); *McNeill v. State,* 287 So. 2d 745 (Fla. App. 1974); *People v. Williams,* 294 N.E.2d 61 (Ill. App. 1973); *People v. Clark,* 272 N.E.2d 10 (Ill. 1971); *State v. Hutto,* 165 S.E.2d 72 (S.C. 1968).

Cases in the third category hold that probation may be revoked only when the proceedings are completed within the probationary period. *See State v. Harris,* 342 So. 2d 179 (La. 1977); *People v. Smith,* 12 Cal. App. 3d 621, 90 Cal. Rptr. 811

(1970); *State ex rel. Phillips v. Wood,* 165 S.E.2d 105 (W. Va. 1968); *In re Griffin,* 62 Cal. Rptr. 1, 431 P.2d 625 (1967).

Although involving a statute different from the one in the present case, *Berry v. State,*[1] 41 Md. App. 563, 398 A.2d 59 (1979) is an instructive illustration of the third category of cases. There the defendant was convicted of non-support of his wife and two children in violation of the Maryland Code, Article 27, section 88 (1976 Repl. Vol., 1979 Cum. Supp.), and was sentenced to a term of eighteen months imprisonment. The sentence, however, was suspended and he was placed on probation for three years commencing on March 7, 1973, subject to the condition that he make support payments as directed by the court. On March 4, 1976, three days before expiration of the probationary period, a warrant was issued for the defendant's arrest because of his failure to satisfy the support obligations in the order of probation. A revocation hearing was held on June 5, 1978, over two years after the expiration of the probationary period. Probation was revoked and the eighteen month sentence previously suspended was reimposed. On appeal this Court held that the trial court lacked jurisdiction to revoke probation after the expiration of the probationary period. Our holding was based solely on the language of the statute, which in part provides:

> "If the court be satisfied by information and due proof under oath, at any time during the three years, that the defendant has violated the terms of the order, it may forthwith proceed to the trial of the defendant under the original indictment, or sentence the defendant under the original conviction, as the case may be." Article 27, § 88 (a), (b).

The State argued that the phrase, "at any time during the three years," referred to the petition initiating process and that the probationary period was tolled when the arrest warrant was issued. In responding to this argument, we said:

> "The statute involved here is not a civil limitations statute, but is in a sense jurisdictional in that it

---

1. Certiorari was granted by the Court of Appeals on May 24, 1979.

places a limit upon the time when *the court* may proceed against a defendant who has been placed on probation. That which must satisfy the court 'during the three years' is the presentation to it of 'information and due proof,' not the filing of an action... or the commencement of an action... to satisfy the court with 'information and due proof' clearly speaks to the trial itself, not to the petition of the probation department to revoke.

\* \* \*

"A petition for revocation is certainly not 'information and due proof' and it is the latter only that, if presented to the court 'during the three years,' permits it to 'proceed to trial... or sentence' the appellant." (Emphasis supplied). *Id.* at 567-68.

In the present case, unlike the statute in *Berry, supra,* the statutory authority for granting and revoking probation is Article 27, section 641A of the Maryland Code, which provides:

"Upon entering a judgment of conviction, the court having jurisdiction, may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the courts deem proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of five years.

"Probation may be granted whether the offense is punishable by both fine and imprisonment or both. If the offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to the imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and

judgment. *The court may revoke or modify any condition of probation or may reduce the period of probation."* (Emphasis supplied).

Although the language of the statute does not answer the question presented because it does not speak specifically to the time within which the court must act to revoke probation, logic would seem to dictate that the court must act within the period fixed within the order of probation. To hold otherwise would mean that all terms of probation would extend for an indefinite period of time. In *Laurie v. State,* 29 Md. App. 609, 614, 349 A.2d 276 (1976) we said:

> "We think it is implicit in the language of § 641A that maximum terms to be served as a probationer must be as definitely described as are terms of imprisonment upon sentencing. Although probationary restrictions may be lessened or discontinued before the maximum is served, a defendant should not be left hanging as to the outside limits of his punishment, . . . ." (Citation omitted).

The State contends that the issue raised by appellant involves the statute of limitations, *i.e.,* the time within which an action must be brought, and does not involve the jurisdiction of the court. Thus, according to the State, appellant did not preserve the issue for appellate review because he failed to file a mandatory pretrial motion as required by Maryland Rule 736.

While the statute of limitations may be a "defense or objection" which must be raised by motion before trial under Maryland Rule 736, and if not raised it is deemed waived, our concern here is not with the filing of an action or the commencement of prosecution for a crime within the statute of limitations, but with the subject matter jurisdiction of the court, *viz* the power of the court to hear and determine whether appellant had violated his probation. Consequently, since subject matter jurisdiction of the court may be raised at any stage of the proceedings, Maryland Rule 736 is

inapplicable. *See Tate and Hall v. State,* 32 Md. App. 613, 363 A.2d 622 (1976).

The State also contends that the filing of the petition for revocation and the issuance of the unsigned warrant two months before expiration of the probationary period, tolled the running of the probationary period. While we rejected a similar argument by the State in *Berry, supra,* where the arrest warrant was issued prior to the expiration of the probationary period, our holding in that case was based on a different statute and is, therefore, not dispositive of the issue here. In this State only the court has authority to revoke probation or to issue a warrant for a violation of probation. *McRoy v. State,* 24 Md. App. 321, 330 A.2d 695 (1975). Although the special report in this case was filed within the probationary period, a valid warrant was not issued until the period had expired. Therefore, under these circumstances neither the filing of the special report which merely chronicled appellant's alleged probation violation, nor the issuance of the defective arrest warrant which was tantamount to no warrant at all, tolled the running of the probationary period.

The Department of Parole and Probation has a duty to exercise due diligence in bringing alleged violations of probation to the attention of the court within the period fixed in the order of probation. Otherwise the court is without jurisdiction to act. Accordingly, under the circumstances of this case where the arrest warrant was issued and the revocation hearing was held after the term of probation had expired, we hold that the trial court lacked jurisdiction to revoke appellant's probation. We, however, utter a word of caution. This opinion does not decide whether the issuance of a valid arrest warrant within the term of probation would stay the running of the probationary period and preserve the jurisdiction of the court.

> *Order reversed.*
> *Costs are not reallocated as part of the judgment of this Court pursuant to Maryland Rule 1082 f.*