## STATE OF MARYLAND *v.* JAMES HARVEY MILLER

[No. 20, September Term, 1980.]

*Decided February 6, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*F. Ford Loker, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellant.

*Thomas J. Saunders, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellee.

PER CURIAM:

We shall decide in this case whether a defendant's probation may be revoked after the period of probation has expired, on the basis of a violation committed within the period of probation.

The pertinent facts are very brief. James Harvey Miller was tried and convicted in the Criminal Court of Baltimore on two counts: breaking and entering and possession of narcotics paraphernalia. He was sentenced to one year on each count, to be served concurrently. The sentences were suspended and he was placed on probation for three years. On November 21, 1977, the probationary period expired. On January 6, 1978, a warrant was issued charging the defendant with violating the terms and conditions of the order of probation, which had required him to pay a fine and court costs.

At the violation hearing on September 26, 1978, he was found guilty of violating his probation and was ordered to serve the original sentences.[1] He appealed to the Court of Special Appeals which reversed, holding that the trial court lacked jurisdiction to revoke his probation since the arrest warrant was issued and the revocation hearing was held after the term of probation had expired. *Miller v. State,* 44 Md. App. 587, 410 A.2d 1081 (1980). We granted the State's petition for certiorari in order to consider the Court of Special Appeals' decision in light of our later holding in *State v. Berry,* 287 Md. 491, 413 A.2d 557 (1980). We conclude that our holding in *Berry* is dispositive of the issue in the case *sub judice.*

In *Berry,* we held that one of the purposes of Maryland Code (1957, 1976 Repl. Vol., 1979 Cum. Supp.), Article 27, § 88, a statute involving enforcement of the duty to support

---

1. Actually, the defendant was ordered to serve three years, but this error was later corrected.

dependants, was to afford a defendant an opportunity to obey the court's order for support and thereby avoid imprisonment. We said that "[t]his purpose can be achieved only if the defendant knows his conduct *during the probation period* is determinative of his status and that the consequence of any violation may be the reinstatement of the original ... sentence." 287 Md. at 497-98 (emphasis added). We then continued by stating that our interpretation of the statute "would allow the State to conduct a hearing at any time, even if the probationary period has expired, so long as the court is satisfied by due proof that the defendant has violated the terms of the probation within the three year [probationary] period." 287 Md. at 498. We limited our holding only to the extent of requiring the State to comply with the dictates of due process, *i.e.,* to proceed "with due diligence or reasonable promptness so as to avoid prejudice to the defendant." [2] 287 Md. at 500. We further indicated that

> [f]or the purposes of due process, we are not so concerned with the timeliness of the issuance of the warrant as we are with the timeliness of the actual hearing on the merits. If the delay is unjustified, the mere issuance of the warrant within the probationary period will not preserve the right to conduct a hearing. We hold that the State may issue the warrant within or without the probationary period so long as the actual hearing on the merits is timely held. [287 Md. at 501].

Section 641A of Article 27, the statute under which the State proceeded in the instant case, is a general provision which does not contain the ambiguous language which had to be construed in *Berry.* Section 641A says simply, "The court may revoke ... probation. ..." There is no language which limits the court's basic power to revoke. However, we perceive no logical reason for treating a defendant who violates his probation under this section differently from one who violates his probation under § 88.

---

**2.** In the instant case no argument that the delay constituted a denial of due process was made.

We hold, therefore, that so long as the State proceeds with reasonable promptness and diligence to prosecute a defendant for a violation of probation and so long as the violation itself occurs within the probationary period, the revocation proceedings may be initiated at any time, even if the probationary period has expired.

The judgment of the Court of Special Appeals is, therefore, reversed.

> *Judgment of the Court of Special Appeals reversed; case remanded to that court with instructions to affirm the decision of the Criminal Court of Baltimore; costs to be paid by appellee.*