[S. F. No. 20644. In Bank. May 22, 1961.]

DAVID S. SPECTOR, Petitioner, v. SUPERIOR COURT OF SAN MATEO COUNTY, Respondent; THE INSTITUTE OF MEDICAL PHYSICS (a Nonprofit Corporation) et al., Real Parties in Interest.

Moerdyke, Anderson, Evans & Rhodes and Stanley R. Evans for Petitioner.

No appearance for Respondent.

Rosellini, Vallerga & Mitchell and James M. Mitchell for Real Parties in Interest.

McCOMB, J.—Petitioner is a director, a member, and the Executive Director of The Institute of Medical Physics, a nonprofit California corporation (hereinafter referred to as "the corporation"). He seeks (1) a writ of mandate to restrain the Honorable Aylett R. Cotton, Judge of the Superior Court of San Mateo County, from proceeding further with judicial dissolution of the corporation, and (2) a writ of mandate directing the vacation of an order denying petitioner's motion to modify a preliminary injunction allowing such dissolution.

### Chronology

(1) September 27, 1960, petitioner filed a complaint on behalf of the corporation in the San Mateo Superior Court, proceeding No. 91313.

It was alleged that the four named defendants, also directors of the corporation, had been guilty of breach of trust in

diverting corporate funds for their personal gain, or for the benefit of organizations in which they were personally interested, and in stating their desire to dissolve the corporation and distribute the assets to themselves as individuals. The prayer of the complaint requested that defendants be removed as directors and be required to reimburse the corporation for such illegally diverted funds. It also requested a preliminary injunction pendente lite restraining defendants from taking any action as directors.

(2) October 11, 1960, after a hearing, Judge Wayne R. Millington, of the San Mateo Superior Court, granted a preliminary injunction restraining defendants from performing any acts as directors (including the filing of a petition for dissolution of the corporation) other than those required to carry on the routine daily business of the corporation, and appointed a temporary receiver to supervise such business.

(3) October 24, 1960, defendants filed, without notice to petitioner, in the Superior Court of San Mateo County, a petition for dissolution of the corporation, proceeding No. 91688, and on the same date filed a motion in proceeding No. 91313 for an order vacating the preliminary injunction of October 11, 1960.

(4) October 31, 1960, Judge Cotton heard and denied defendants' motion to vacate the preliminary injunction.

(5) November 16, 1960, the receiver petitioned the court for instructions because of the conflict between the terms of the preliminary injunction and the steps taken by defendants toward dissolving the corporation.

(6) November 25, 1960, following a hearing, Judge Millington made an order providing that the receiver "shall continue to supervise the conduct of the business [of the corporation] ... in the manner provided for" in the preliminary injunction.

(7) November 29, 1960, defendants filed a notice of motion for modification of the preliminary injunction.

(8) December 8, 1960, Judge Cotton heard defendants' motion filed November 29, 1960, and modified the preliminary injunction to allow them to proceed with a dissolution of the corporation.

(9) December 14, 1960, an order to show cause was issued in proceeding No. 91688 directing petitioner to show why the corporation should not be dissolved.

(10) December 16, 1960, petitioner moved in proceeding No. 91313 for an order modifying the preliminary injunction (as modified by the order of December 8. 1960) to restrain

defendants from dissolving the corporation and to require them to rescind steps already taken toward dissolution. The motion was accompanied by affidavits of petitioner and his counsel setting out (a) the fact that the corporation has an annual budget of $150,000 and is solvent and (b) a detailed list of the services and outstanding legal and ethical obligations of the corporation to its many public and private clients in medical research and related disciplines. No counteraffidavits were filed.

(11) December 21, 1960, the motion filed December 16, 1960, in proceeding No. 91313 and the order to show cause in proceeding No. 91688 were called at the same time on the law and motion calendar, with Judge Cotton presiding.

Counsel for petitioner immediately requested that both matters be heard by Judge Millington (who was available), because the latter had issued the original injunction and had instructed the receiver and therefore "was familiar with the background of the litigation." Judge Cotton denied the request and ruled that he would hear the matters.

Petitioner's counsel then promptly filed an affidavit of bias and prejudice as to each of the matters, requesting that Judge Cotton disqualify himself. Judge Cotton denied petitioner's request, on the ground that the affidavits of disqualification were filed "too late."

After a brief hearing, Judge Cotton made an order declaring the corporation dissolved and appointing a receiver, and an order denying petitioner's motion to modify the preliminary injunction.

(12) January 1, 1961, Judge Cotton retired from the Superior Court of San Mateo County.

These are the questions necessary for us to determine:

■ First. *Should Judge Cotton have disqualified himself under the provisions of section 170.6 of the Code of Civil Procedure when petitioner's counsel filed the affidavits of bias and prejudice against him?*

*Yes.* He should have disqualified himself in proceeding No. 91688.

Section 170.6 of the Code of Civil Procedure provides that no judge of any superior court of the State of California shall try any civil action or special proceeding of any kind or character, nor hear any matter therein which involves a contested issue of law or fact, when any party or any attorney appearing in such action or proceeding establishes prejudice by an oral or written motion, without notice, supported by an

affidavit that the judge before whom such action or proceeding is pending is prejudiced against such party, or the interest of such party, so that such party cannot, or believes that he cannot, have a fair and impartial trial or hearing before such judge.

Where the judge assigned to, or who is scheduled to try the cause or hear the matter, is known at least ten days before the date set for trial or hearing, the motion shall be made at least five days before that date.

If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing.

Applying the foregoing rules to the facts of the present case, it appears that petitioner's counsel, as soon as he knew that Judge Cotton was going to hear the matters before him, filed an affidavit of bias and prejudice against Judge Cotton as to each of the matters, requesting that he disqualify himself. The record shows that petitioner's motion was made ''at the commencement of the hearing on December 21, 1960,'' and that petitioner did not know prior to such date that Judge Cotton intended to hear these matters.

Since the December 21, 1960, hearing was the first court hearing in proceeding No. 91688, it is clear that Judge Cotton was disqualified from taking further action in that proceeding and should have disqualified himself. (*Cf. Johnson* v. *Superior Court,* 50 Cal.2d 693 [329 P.2d 5].)

█ Second. *In proceeding No. 91313 was petitioner deprived of his day in court?*

*Yes.* On December 21, 1960, when petitioner's motion for an order modifying the preliminary injunction came on for hearing, Judge Cotton refused to permit counsel for petitioner to present any evidence or argument in support of his client's position.

█ It is a cardinal principle of our jurisprudence that a party should not be bound or concluded by a judgment unless he has had his day in court. This means that a party must be duly cited to appear and afforded an opportunity to be heard and to offer evidence at such hearing in support of his contentions.

[█ His right to a hearing does not depend upon the will, caprice or discretion of the trial judge who is to make a decision upon the issues.

An order or judgment without such an opportunity is lacking in all the attributes of a judicial determination. (*Mc-*

*Clatchy* v. *Superior Court,* 119 Cal. 413, 418, 421 [51 P. 696, 39 L.R.A. 691] ; *Collins* v. *Superior Court,* 145 Cal.App.2d 588, 594 [4] [302 P.2d 805] ; *Estate of Buchman,* 123 Cal.App. 2d 546, 554 [5], 560 [267 P.2d 73, 47 A.L.R.2d 291] [hearing denied by the Supreme Court].)

 Refusal to permit counsel for petitioner to present evidence and make a reasonable argument in support of his client's position was not a mere error in procedure. It amounted to a deprival of a substantial statutory right and is not covered by article VI, section 4½, of the Constitution. (*People* v. *Sarazzawski,* 27 Cal.2d 7, 17 [13] et seq. [161 P.2d 934].)

It would appear that the two actions here involved present essentially the same, or overlapping, issues and therefore should be consolidated and disposed of as a single proceeding.

Let a writ of mandate issue directing respondent court (1) to vacate its order of December 21, 1960, dissolving the corporation in proceeding No. 91688 and (2) to set aside the order denying petitioner's motion in proceeding No. 91313, and requiring respondent court to grant petitioner a hearing on said motion.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.