# THERESA AREMENTA WRIGHT v. STATE OF MARYLAND

[No. 720, September Term, 1980.]

*Decided March 6, 1981.*

The cause was argued before LISS, MACDANIEL and WEANT, JJ.

*Ilene Cohen, Assigned Public Defender,* for appellant.

*F. Ford Loker, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Robert C. Bonsib, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MacDaniel, J., delivered the opinion of the Court.

In March and April, 1980, appellant Theresa Arementa Wright was tried by a jury in the Circuit Court for Prince George's County and convicted of assault and battery and use of a handgun in the commission of a felony or crime of violence. Appellant was sentenced to five years' imprisonment for each offense, the sentences to be served concurrently. On appeal she presents the following questions:

1. Did the court below err in joining for trial two separate cases where, in one case, the mandatory requirements of Maryland Rule 723 had not been complied with?

2. Is appellant's conviction of use of a handgun in the commission of a felony or crime of violence illogical and unduly harsh in light of her acquittal of any felony or crime of violence?

The facts may be briefly stated. On August 24, 1977, appellant's estranged husband arrived at appellant's apartment to pick up their children for a scheduled visit. The couple began to quarrel. Appellant brandished a pistol, the gun was fired and a bullet grazed the visitor's head. Appellant maintained that she fired the gun accidentally.

On September 19, 1979, appellant was indicted for assault with intent to murder, unlawful shooting and assault and battery. Appellant first appeared before the court on September 24, 1979, for a preliminary hearing in accordance with Maryland Rule of Procedure 723 (Appearance — Provision for or Waiver of Counsel.). At appellant's request she was referred to the Office of the Public Defender, where she obtained counsel. Appellant's attorney filed his appearance on her behalf on October 8, 1979, and preparation for trial began.

Through the State's inadvertence or neglect, appellant's indictment failed to contain a count charging the use of a handgun in the commission of a felony or crime of violence.[1]

---

1. Article 27, § 36B (d), of the Annotated Code of Maryland (1957, 1976 Repl. Vol.).

The State discovered the omission sometime in February, 1980, whereupon the Assistant State's Attorney assigned to the case called appellant's counsel to notify him of the error and to advise him that a handgun charge would be lodged against his client. Subsequently, appellant was charged with the handgun offense in Criminal Information No. 80-245; it was filed March 19, 1980, one week before trial. Appellant was also notified to appear before the court on April 4, 1980, for a preliminary hearing in accordance with Maryland Rule 723.

Trial of the charges contained in the indictment came on before the court on March 26, 1980, at which time the State made a motion to consolidate them with the charge contained in the criminal information. Appellant's counsel objected vigorously. He admitted that he had been aware of the State's error long before the State itself discovered the mistake, but explained that "naturally [he] did not bring that oversight to the State's attention." He also conceded that he was not claiming surprise, or that he was unprepared to mount a defense to the handgun charge. Counsel's only ground for objection to the consolidation was that, respecting the criminal information, appellant had yet to be provided an initial appearance pursuant to Maryland Rule 723. Counsel argued that compliance with the rule is mandatory, and that the appellant would be prejudiced by having to proceed to trial "on a case that really [was] not before the court." Appellant's objection was overruled, the motion to consolidate was granted and the case proceeded to trial. Although appellant was convicted of assault and battery and use of a handgun in the commission of a felony or crime of violence, she was acquitted of assault with intent to murder and unlawful shooting.

Appellant here renews the objections to the court's ruling which she made at trial. She has not objected to the consolidation of the charges against her *per se.* She merely argues that consolidation was precluded here because, respecting the charge contained in the criminal information, "she had no opportunity to be advised by a judicial officer of her right, guaranteed by the Sixth and Fourteenth Amendments to the

United States Constitution, to retain an attorney or to decide to defend *pro se.*" She also argues that the trial court incorrectly presumed that, since she had earlier elected to retain counsel, she would do so again in defense against the handgun charge.

As presently codified,[2] Rule 723 prescribes the initial appearance of the criminal defendant before the court, and governs provision for or waiver of counsel. Section a of the rule requires a criminal defendant to "appear in person at the time and place specified in the summons or writ issued pursuant to Rule 720 (Original Summons, Warrant and Notice to Appear), unless his counsel enters an appearance for him in writing on or before that time." Section b of the rule applies whenever a defendant appears in court pursuant to § a unaccompanied by counsel. Under such circumstances, the rule states that the court shall:

"1. Make certain that the defendant has received or receives a copy of the charging document;

2. Advise the defendant that he has a right to be represented by counsel at every stage of the proceedings;

3. Advise the defendant of the matters required by subsections 1, 2 and 3 of section c of this Rule;

4. Advise the defendant who desires counsel that he must retain the services of counsel and have counsel enter an appearance for him within 15 days;

5. Advise the defendant that if he finds he is financially unable to retain the service of private counsel, he should apply to the Public Defender as soon as possible for a determination of his eligibility to have counsel provided for him by the Public Defender;

---

2. Maryland Rule 723 was approved and adopted by Order of the Court of Appeals dated January 31, 1977, effective July 1, 1977, as part of the revision of Chapter 700 of the Maryland Rules of Procedure. The former rule, 719, and its predecessor, the original rule 723, contained less elaborate provisions for the appointment and waiver of counsel.

6. Advise the defendant that if the Public Defender declines to provide representation, the defendant should immediately notify the clerk of the court so that the court can determine whether it should appoint counsel pursuant to Article 27A, section 6 (f), of the Maryland Code;

7. Advise the defendant that if counsel does not enter an appearance within 15 days, a plea of not guilty will be entered pursuant to section b 3 of Rule 731 (Pleas), and the defendant's case will be scheduled for trial. The court shall also advise the defendant that if he appears for trial without counsel, the court could determine that he has waived his right to counsel by neglecting or refusing to retain counsel or to make timely application to the Public Defender for counsel, and in that event, the case would proceed with defendant unrepresented by counsel."

And § c of the rule prescribes the inquiry to be made when a defendant indicates that he does not want representation:

"When a defendant indicates a desire or inclination to waive counsel, the court may not accept the waiver until it determines, after appropriate questioning on the record in open court, that the defendant possesses the intelligence and capacity to appreciate the consequences of his decision, and fully comprehends:

1. The nature of the charges against him, any lesser included offenses, and the range of allowable penalties, including mandatory and minimum penalties, if any;

2. That counsel can render important assistance to him in determining whether there may be defenses to the charges or circumstances in mitigation thereof, and in preparing for and representing him at trial;

3. That even if the defendant intends to plead guilty, counsel may be of substantial assistance in

developing and presenting information which could affect the sentence or other disposition;

4. That if the defendant is found to be financially unable to retain private counsel, the Public Defender or the court would, if the defendant wishes, provide counsel to represent him."

We believe we have been asked to construe Rule 723 under circumstances so unusual as to be described as *sui generis.* It is true, as appellant points out, that the Court of Appeals has consistently held that the rule implements the Sixth Amendment constitutional mandates, and that its provisions are mandatory. *Snead v. State,* 286 Md. 122 (1979); *Thompson v. State,* 284 Md. 113 (1978); *State v. Bryan,* 284 Md. 152 (1978).[3] So has this Court. *Berry v. State,* 41 Md. App. 563 (1979); *Bryan v. State,* 39 Md. App. 250 (1979), *aff'd, State v. Bryan, supra.* But having reviewed these and other cases construing the current rule and its predecessors, we find them inapposite. An inquiry in accordance with the rule has been held mandatory *whenever* a defendant appears before the court without counsel. *Thompson v. State, supra. See also State v. Bryan, supra; Taylor v. State, supra; Williams v. State, supra; Hill v. State, supra; Brown v. State,* 27 Md. App. 233 (1975). And an inquiry has also been held mandatory whenever an accused expresses dissatisfaction with counsel and requests time to obtain new counsel, *State v. Renshaw,* 276 Md. 259 (1975), *see Snead, supra,* or when an accused requests permission to conduct his own defense, *Snead, supra, State v. Bryan, supra, Berry v. State,* 41 Md. App. 563 (1979).

But in this case appellant *was* represented by counsel. A hearing in accordance with Maryland Rule 723 *had* been conducted soon after appellant's indictment. As a direct result, appellant was referred to the Offices of the Public Defender, where she obtained the services of counsel who represented her continuously thereafter. At no time did

---

3. With respect to the former rule, *see* Manning v. State, 237 Md. 349 (1965); Taylor v. State, 230 Md. 1 (1962); Williams v. State, 220 Md. 180 (1959); Hill v. State, 218 Md. 120 (1958).

appellant ever express dissatisfaction with her appointed counsel. At no time did appellant ever request the appointment of different counsel. At no time did appellant ever request permission to conduct her own defense. Under these circumstances, we think appellant's insistence upon the right to a hearing in accordance with Maryland Rule 723, merely because one of the counts against her was contained in a separate charging document, is without merit. We think that were we to adopt such a holding in this case, it would not amount to a vindication of the rule, but rather to a perversion of the rule.

The facts in this case, and their relation to the question raised here, are indeed peculiar. Although this Court and the Court of Appeals have often said that the Maryland Rules of Procedure are "precise rubrics" which are to be read and followed, *State v. Diggs,* 24 Md. App. 681, 682 (1975), *Brown v. Fraley,* 222 Md. 480 (1960), this case reminds us that the vicissitudes of practice are inexhaustible. So, "it must also be remembered that the Maryland Rules were, after all, established to promote — not to impede — the orderly and efficient administration of justice. *Robinson v. Bd. of County Comm'rs,* 262 Md. 342 (1971)." *Darby v. State,* 47 Md. App. 1, 8 (1980).

We cannot permit ourselves to forget the reason Maryland Rule 723 was adopted in the first place, and the end which it serves today. The rule provides an orderly procedure to insure that each criminal defendant appearing before the court be represented by counsel or, if he is not, that he be advised of his Sixth Amendment constitutional right to the assistance of counsel, as well as his correlative constitutional right to self-representation. In short, and as our Courts have said many times, the rule "implements the constitutional mandates"; but it does neither more nor less than that. Under the circumstances of this case a further proceeding in accordance with Maryland Rule 723 could not possibly have further advanced or better preserved any Sixth Amendment constitutional right. Appellant *was* represented by counsel, who *was* prepared to defend her against *all* the charges contained in the charging documents. Nor is

there anything in the record to suggest that appellant ever expressed a desire to retain new counsel, or to conduct her own defense, sufficient to have required an inquiry under the rule. That being so, the rule had no application whatever to the proceedings at the time in question. Accordingly, we hold that the trial court was correct to overrule appellant's objection to the State's Motion to Consolidate the charges against her, and to proceed to trial.[4]

Appellant also urges us to reverse her conviction for use of a handgun in the commission of a felony or crime of violence, arguing that the conviction is "illogical and unduly harsh" in light of her acquittal of assault with intent to murder and unlawful shooting. Appellant recognizes that the Court of Appeals has found no fatal inconsistency in a jury verdict containing a conviction under Article 27, § 36B (d), and an acquittal of any specific felony or crime of violence itself. *Ford v. State,* 274 Md. 546 (1975); *Raley v. State,* 32 Md. App. 515 (1976), *cert. denied,* 431 U.S. 965 (1976). Nevertheless, she urges us "to reexamine this approach in light of the exceedingly harsh results of the acceptance of this illogical principle." We find neither the principle illogical nor the results exceedingly harsh. *Ford, supra,* is dispositive here.

> *Judgments affirmed.*
> *Appellant to pay the costs.*

---

4. We re-emphasize that appellant did not object to consolidation of the charges against her *per se.* Rather, she merely argued that consolidation could not proceed until such time as a Rule 723 hearing had been held with respect to the charge contained in the criminal information. For our part, we think it clear beyond doubt that all the offenses charged included substantially the same facts, and that they occurred at the same time and place. Therefore, consolidation of the charging documents in this case was proper. Mason v. State, 12 Md. App. 655 (1971). See Maryland Rule 745.