582 A.2d 803

Michael WILLIAMS

v.

STATE of Maryland.

No. 19, Sept. Term, 1989.

Court of Appeals of Maryland.

Dec. 7, 1990.

Gary S. Offutt, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for petitioner.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS,* and BLACKWELL,* JJ.

COLE, Judge.

In this case we are asked to decide whether the trial court's refusal to permit the Petitioner to state his reasons for wanting to discharge his attorney was reversible error, and whether the trial court erred in denying Petitioner's motion for a new trial because the verdicts were inconsistent.

The facts are not complicated. The Petitioner, Michael Williams, was charged by information with assault with intent to maim, attempted murder, assault, unlawfully carrying a handgun, and unlawful use of a handgun in the commission of a felony or crime of violence. The case was called for trial on November 18, 1987 in the Circuit Court for Baltimore City. Following a bench conference, Williams' counsel advised him of the State's plea offer. Williams rejected the offer and his attorney informed the court that the case would have to proceed to trial. After the trial judge had instructed the court clerk to arraign Williams, the following colloquy ensued:

THE DEFENDANT: Your Honor, may I say something?

THE COURT: You may only at your own risk.

MR. HENDERSON: Wait a minute. Before you say anything, whatever you say is going on the record. What do you want to say?

THE DEFENDANT: I want another representative.

THE COURT: Your motion is denied. This is the only Public Defender you are going to get.

---

* Blackwell, J., and Adkins, J., now retired, participated in the hearing and conference of this case while active members of this Court; but did not participate in the decision and adoption of this opinion.

THE CLERK: Your Honor, this is—

THE COURT: No, sir, at this point we are going to proceed. This is not going to be a harangue or filibuster. Mr. Henderson is your lawyer, very highly respected among the Bar, very well-prepared. All he has done is indicated what, communicated the offer to you. The offer has been turned down. You are now going to trial. Arraign the defendant.

Petitioner entered a plea of not guilty, and prayed a jury trial.

In its instructions the trial court specifically advised the jury that if it acquitted Petitioner of assault with intent to maim and only found him guilty of assault, it could not convict him of use of a handgun in the commission of a felony or crime of violence. The trial court further explained to the jury what crimes were considered crimes of violence under Maryland law, and reiterated that simple assault was not a crime of violence. Notwithstanding the court's instructions, the jury convicted Williams of assault, unlawfully carrying a handgun, and unlawful use of a handgun in the commission of a felony or crime of violence. Based on the inconsistency in the verdicts, Williams moved for a new trial, which the trial court denied. He was subsequently sentenced to concurrent terms of imprisonment of six years for the assault, three years for the unlawful carrying of a handgun, and six years for the unlawful use of a handgun in the commission of a felony or crime of violence.

Williams appealed, contending, *inter alia,* that he was entitled to a new trial because the trial court erred by refusing to allow him to articulate his reasons for wanting to discharge his attorney pursuant to Md.Rule 4–215(e). The Court of Special Appeals rejected this argument and affirmed the trial court's judgment. *Williams v. State,* 77 Md.App. 689, 551 A.2d 905 (1989).

While recognizing that the trial court's actions constituted a "technical violation" of the Rule, the intermediate

appellate court concluded that this violation was not reversible error in itself since there was no violation of constitutional magnitude. In reaching this conclusion, the intermediate appellate court reasoned that the only "legitimate" claim an indigent criminal defendant could make to retain different counsel was that he had been deprived of the effective assistance of counsel. That court went on to explain, however, that such a claim was "normally raised in a post-conviction hearing which Williams had not sought, nor had he raised the issue on appeal." Consequently, the Court of Special Appeals dismissed the error as harmless. *Williams*, 77 Md.App. at 699, 551 A.2d at 910. We granted certiorari to consider whether noncompliance with Md.Rule 4–215(e) constitutes reversible error and whether the denial of the motion for a new trial was erroneous. Our determination of the first issue makes it unnecessary to address the second.

■ Maryland Rule 4–215(e) provides:

(e) **Discharge of Counsel—Waiver.**—If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)–(4) of this Rule if the docket or file does not reflect prior compliance.

Petitioner maintains that the purpose of the Rule is to give the court a proper basis upon which to exercise its discretion. Therefore, because the trial judge has several options in ruling on a request to discharge counsel, it is essential that the court know the defendant's reasons for making the request before it can decide which option is appropriate under the circumstances. Petitioner further avers that allowing the defendant to specify the reasons for his request is critical in light of the fact that the language of the Rule is mandatory and the Rule itself impacts constitutionally protected rights. This being the case, any violation of the Rule serves as a basis for reversal.

On the other hand, the State argues that the trial judge knew the reasons underlying Petitioner's request, albeit the reasons are not set forth on the record, and, therefore, it was not necessary to allow Williams to explain further. Moreover, the State reasons, since Williams never asserted a desire to proceed *pro se* and did in fact receive effective assistance of counsel, his constitutionally protected rights were not invoked. Consequently, noncompliance with the Rule did not require reversal. Finally, the State maintains that the purpose of the Rule is to provide the trial court flexibility and it was never intended to provide a defendant with enforceable rights.

In *Snead v. State,* 286 Md. 122, 123, 406 A.2d 98 (1979), we recognized that a defendant in a criminal prosecution has an independent constitutional right to have the effective assistance of counsel and to reject that assistance and defend himself. The right to the effective assistance of counsel was recognized in *Powell v. Alabama,* 287 U.S. 45, 71, 53 S.Ct. 55, 65, 77 L.Ed. 158, 171–72 (1932). *See also Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The right to reject that assistance and defend one's self was enunciated in *Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562, 566 (1975).

This Court adopted Rule 4–215, "Waiver of Counsel," (formerly Rule 723c) to implement these constitutional guarantees. It provides in pertinent part:

(a) First Appearance in Court Without Counsel.—At the defendant's first appearance in court without counsel, the court shall:

(1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.

(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

(5) If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel.

\* \* \* \* \* \*

In *Snead, supra,* we also recognized that the provisions of Rule 4–215 are mandatory. 286 Md. at 130, 406 A.2d 98. *See also Maus v. State,* 311 Md. 85, 111–12, 532 A.2d 1066 (1987); *State v. Bryan,* 284 Md. 152, 154–55, 395 A.2d 475 (1975); *Manning v. State,* 237 Md. 349, 353, 206 A.2d 563 (1965); *Taylor v. State,* 230 Md. 1, 2, 185 A.2d 197 (1962); *Williams v. State,* 220 Md. 180, 181, 151 A.2d 721 (1959); *Hill v. State,* 218 Md. 120, 127, 145 A.2d 445 (1953). We expounded on that conclusion recently in *Parren v. State,* 309 Md. 260, 523 A.2d 597 (1987).

In *Parren,* the trial court conducted a waiver inquiry pursuant to the Rule but failed to advise the defendants of the allowable penalties for the crimes charged pursuant to 4–215(a)(3). The State argued that since the trial court had

substantially complied with the Rule, reversal of the judgments, as a consequence of noncompliance, was not required. The State also pointed out that under the Rules of Construction, Rule 1–201(a),[1] this Court could affirm the judgments notwithstanding the mandatory nature of the Rule. We rejected these arguments and explained that:

> the purpose of Rule 4–215 is to protect that most fundamental right to the effective assistance of counsel, which is basic to our adversary system of criminal justice, and which is guaranteed by the federal and Maryland constitutions to every defendant in all criminal prosecutions.

309 Md. at 281–82, 523 A.2d at 607. Accordingly, we held that the trial court's failure to advise the defendants of the penalties allowed for the crimes charged against them rendered the waiver of counsel ineffective. As a result of this noncompliance, the judgments were set aside and new trials ordered. *Id.* at 282, 523 A.2d at 608.[2]

■ Having established that the provisions of the Rule are mandatory and protect the constitutional right to counsel, we must determine whether noncompliance with § 4–215(e) justifies reversal in the case *sub judice.*

The State finds it significant that because Williams never expressed a desire to waive counsel and represent himself, his constitutionally protected rights were not invoked.

---

1. Rule 1–201(a) provides:
   (a) **General.**—These rules shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay. When a rule, by the word "shall" or otherwise, mandates or prohibits conduct, the consequences of noncompliance are those prescribed by these rules or by statute. If no consequences are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule.

2. In the instant case nothing in the record demonstrates that, despite the lack of compliance with the rule, its purpose was satisfied in some other manner. As a result an argument based on Rule 1–201(a) is not available.

Therefore, the State maintains, the trial court's failure to permit Williams to explain his reasons for requesting that his attorney be replaced was no more than a "technical" violation. The Court of Special Appeals relied on the same rationale. *Williams,* 77 Md.App. at 693, 696, 551 A.2d at 907, 908. What the State fails to recognize, however, is that this requirement is an indispensable part of subsection (e) in that it essentially leads the trial judge into the various options set forth therein. Where the trial judge finds a defendant's reasons to be meritorious, he must grant the request and, if necessary, give the defendant an opportunity to retain new counsel. When a defendant makes an unmeritorious request to discharge counsel, the trial judge may proceed in one of three ways: (1) deny the request and, if the defendant rejects the right to represent himself and instead elects to keep the attorney he has, continue the proceedings; (2) permit the discharge in accordance with the Rule, but require counsel to remain available on a standby basis; (3) grant the request in accordance with the Rule and relieve counsel of any further obligation. *Fowlkes v. State,* 311 Md. 586, 604–05, 536 A.2d 1149, 1158–59 (1988). It should be obvious, then, that subsection (e) gives practical effect to the Defendant's constitutional choices. It requires the defendant to decide if he will continue with present counsel or proceed *pro se.* Allowing a defendant to specify the reasons for his request is an integral part of the Rule and cannot be dismissed as insignificant.

We are not alone in our belief that failure to allow a defendant to explain his request for new counsel directly affects his constitutional rights. *See Johnson v. State,* 560 So.2d 1239, 1240 (Fla.App. 1 Dist.1990) (when a defendant indicates that he wishes to discharge court-appointed counsel, trial court should inquire as to reasons. If incompetency of counsel is given as a reason, trial court should then make further inquiry); *Taylor v. State,* 557 So.2d 138, 143 (Fla.App. 1 Dist.1990) (where a defendant conveys to trial court before trial his desire to discharge court-appointed

counsel, the court is to inquire into the reason for the defendant's request.) *People v. Crandell,* 46 Cal.3d 833, 251 Cal.Rptr. 227, 760 P.2d 423, 431 (1988) (when a defendant seeks to discharge his appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit defendant to explain basis for his contention). *But cf. State v. Stinson,* Me., 424 A.2d 327, 330 (1981) (defendant's mere statement that counsel not prepared not sufficient to create *per se* rule that court make further inquiry).

In the instant case if the trial judge had concluded that Williams' request was meritorious, he would have been obligated to grant the request and give Williams time to retain new counsel. If the court had concluded that the request was without merit, it could have denied the request and gone forth to trial. Even if the request was not meritorious, the court could have granted the request, after first advising Williams that the trial would proceed without the benefit of counsel, if new counsel was not then ready and available to proceed. Under the circumstances here, however, the trial court could not have properly exercised any of these options because it had no basis—Williams' reasons—upon which to act. We cannot say that Williams would not have elected to waive counsel and proceed *pro se,* nor can we conclude that his request was unmeritorious, because the trial court did not comply with subsection (e). The court's failure to comply with the rule is reversible error.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR A NEW TRIAL. MAYOR AND CITY COUNCIL OF BALTIMORE TO PAY THE COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS.